MARTIN BIBLE v. THE STATE.

No. 11541. Delivered June 28, 1928.

The opinion states the case.

*W. C. Linden* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

From the testimony we observe that the officers found appellant engaged in the actual manufacture of intoxicating liquor. A fire was under the still, whisky was running out of the coil into a jar, and mash was near by. The officers had observed the movements of appellant for quite a while before making their presence known. He admitted while on the scene and while the process of manufacture was going on that the liquor was his, and insisted on his right to drink part of it.

There appear in the record seven bills of exception. The first, second and third set out supposed errors in the refusal of a continuance sought because of the absence of appellant's wife and one McDonald. The evidence expected of appellant's wife was of no materiality in view of the fact that no effort was made by the State to prove the facts which her testimony was desired to rebut. By the testimony of McDonald, as set out in the application, it was expected to prove that the owner and operator of the still in question was another person than appellant, and that appellant had nothing to do with it, and that McDonald would so testify. No process seems to have been served upon McDonald, nor was any alias process sought when his absence at the beginning of the trial was ascertained. No affidavit of said witness is appended to the motion for new trial. In view of the testimony referred to on the part of the State it appears to us entirely within the discretion of the trial court to conclude that McDonald, if present, would not testify as appellant claimed he would, and that if he was present and did so testify, his evidence would not be believed by the jury.

Bills of exception Nos. 4, 5, 6 and 7 complain of the admission in evidence of statements made by appellant at the time of his arrest, and immediately succeeding same, and while he was in possession of the still and its finished product, and while the still was paying off and whisky was dripping from the coil. We do not deem it neces-

sary to set out said statements, which were admissions on the part of appellant that the whisky and outfit was his. Same under all the authorities was res gestae.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*